

Highways, which covers the stopping, standing, and parking of vehicles upon the public highways.

Obviously, if Art. 784, P.C., made unlawful the parking of vehicles upon the highways of this state, within or without an incorporated city, no necessity existed for the legislature to enact the special legislation. The fact that the legislature did so tends strongly to suggest that Art. 784, P. C., was not interpreted as prohibiting the parking of vehicles upon a public highway.

 We are constrained, therefore, to agree with the appellant's contention that the instant facts do not show an obstruction of a public highway, within the meaning of Art. 784, P.C.

In reaching this conclusion we are not passing upon the question of appellant's right to park his motor vehicles on the street, as here shown, or to sell merchandise therefrom. Those questions are not here involved or presented.

For the reason assigned, the judgment is reversed and the cause remanded.

Opinion approved by the court.

George P. Blackburn, State's Atty., of Austin, for the State.

BEAUCHAMP, Judge.

Appellant was convicted and fined $150 for driving on a public highway while intoxicated.

The record before us contains no statement of facts nor bill of exception. All proceedings are in order and nothing is presented for review.

The judgment is affirmed.